**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

TERRELLE NELSON,

               Petitioner,

        v.

THOMAS E. BERGAMI,

               Respondent.

Civil Action No. 21-9758 (KMW)

**OPINION**

**WILLIAMS**, District Judge:

This matter comes before the Court on Petitioner Terrelle Nelson's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (ECF No. 1), which seeks to challenge a 2016 guilty plea. Following an order to answer, the Government filed a response to the petition (ECF No. 4), to which Petitioner replied. (ECF No. 5.) Also before the Court is Petitioner's motion to compel a decision on his habeas petition. (ECF No. 6.) For the reasons expressed below, Petitioner's *Rehaif* claim is denied, Petitioner's remaining claim shall be dismissed without prejudice for lack of jurisdiction, and his motion is denied as moot in light of this Court's decision on his underlying petition.

## I.    BACKGROUND

In denying Petitioner's motion to vacate sentence in 2019, Judge Hillman summarized the background of Petitioner's conviction as follows:

> On February 10, 2017, Terrelle Nelson pled guilty to Count Two of a Superseding Indictment, which . . . charged Petitioner with a violation of 18 U.S.C. § 922(g)(1), [being a] felon in possession of a firearm. In addition to laying out the charge, the plea agreement

laid out the maximum sentence for the charge, which was ten . . . years imprisonment.  The plea agreement did not include an agreed upon term of imprisonment, which was left to the discretion of the Court, up to the statutory maximum.

       The plea agreement contained certain stipulations regarding Petitioner's offense conduct and the advisory sentencing guidelines.  Specifically, the agreement stipulated that the base offense level would be a 24 because Petitioner committed the instant offense subsequent to sustaining at least two felony convictions for a crime of violence or a controlled substance offense, including four . . . convictions for possession with intent to distribute a controlled dangerous substance pursuant to N.J.S.A. 2C:35-5 [for which he received a five year drug court probationary sentence in January 2014 and a 364 day county jail sentence accompanied by four years probation on the remaining three convictions in March 2008.]  In addition, the agreement stipulated that [the] special offense characteristic found in U.S.S.G. [§] 2K2.1(b)(6)(B) applied to Petitioner because he used or possessed a firearm or ammunition in connection with another felony offense, more specifically, distribution of a controlled dangerous substance on June 17, 2016, the other count contained in the Superseding Indictment. . . .

       . . . .

       At the plea hearing, Petitioner and his attorney signed and submitted a written Application for Permission to Enter [a] Plea of Guilty.  In the Application, Petitioner stated, *inter alia*, that he told his lawyer all the facts and circumstances known to him about the charges set forth in the indictments and information, that he was satisfied that his lawyer understood the information that he provided, and that his lawyer counseled and advised him on the nature of each charge and on all possible defenses he might have in this case.  He also stated that his lawyer explained the plea agreement to him and that he understood it.  Finally, Petitioner stated [that he was satisfied with counsel's advice.]  The Court concluded that Petitioner's plea was knowing and voluntary, and supported by an independent basis, and accepted Petitioner's plea of guilty.

       . . . .

       . . . The Court went on to pronounce a sentence of 84 months imprisonment, three years of supervised release . . . . on May 31, 2017.  Petitioner did not file a notice of appeal.

(Docket No. 17-5083 at ECF No. 21 at 2-15.)

Petitioner filed a motion to vacate his sentence on August 7, 2017.  (*Id.*)  Judge Hillman denied that motion by way of an opinion and order entered on September 6, 2019.  (*Id.*)

On July 14, 2020, Petitioner filed a motion for reconsideration in that matter.  Included in that motion was an entirely new claim – one in which Petitioner attempted to show that the firearm he possessed had been produced in New Jersey and had therefore not been entered into interstate commerce.  (Docket No. 17-5083 at ECF No. 28.)  Judge Hillman dismissed that motion on October 15, 2020, as the motion was in fact a second or successive motion to vacate sentence brought without leave of the Court of Appeals and because Petitioner had failed to provide any new evidence proving that the firearm in question was manufactured and sold in New Jersey without entering interstate commerce.  (Docket No. 17-5083 at ECF No. 30.)

Petitioner thereafter filed his current habeas petition.  (ECF No. 1.)  In his petition, Petitioner argues that he is actually innocent of his § 922(g) conviction in light of the Supreme Court's decision in *Rehaif v. United States*, --- U.S. ---, 139 S. Ct. 2191 (2019), as he did not explicitly admit to knowing he was a felon at the time he possessed a firearm.  (*Id.* at 12.)  Petitioner also attempts to reiterate his dismissed claim that he "thought" he was allowed to possess the gun because he believes that the gun he possessed was made and sold in New Jersey.  (*Id.* at 13.)  Petitioner bases this argument entirely on an ATF firearms trace summary which details only that the gun was recovered from Petitioner in New Jersey in 2016, and was purchased in New Jersey by another individual in New Jersey in 1986 from a gun dealer who received the firearm in 1986.  (*Id.* at 20.)  that document does not detail where the gun was made, or from where it was shipped

to this dealer.  (*Id.*)  This document thus does not establish that the firearm was made in New Jersey,[1] only that it was shipped to a dealer in this state in April 1986.  (*Id.*)

Following the filing of the Government's answer in this matter, Petitioner filed a reply brief.  (ECF No. 5.)  In that reply, Petitioner attempts to shift his claim, arguing that his state court convictions cannot support a § 922(g) conviction because he was not personally sentenced to over a year in prison, and therefore does not believe his offenses were punishable by more than one year.  (*Id.* at 2-4.)  Petitioner's claims, however, are undercut by the very documents he submitted which indicate that New Jersey itself clearly identified his 2008 and 2014 crimes of conviction as felonies.  (ECF No. 1 at 16-18.)

## II.   **LEGAL STANDARD**

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989

## III.   **DISCUSSION**

In his habeas petition, Petitioner contends that he is "actually innocent" of the possession of a weapon by a convicted felon charge to which he pled guilty because his plea colloquy did not contain an explicit recognition that Petitioner knew he was a convicted felon at the time he possessed the firearm in question in violation of the Supreme Court's holding in *Rehaif*.  In *Rehaif*, the Supreme Court held that, in order to be found guilty of being a prohibited person in possession

---

[1] The Court notes that the manufacturer, Smith & Wesson, is headquartered in Massachusetts, and there is nothing in the record to suggest that the firearm in question was produced within New Jersey.

of a firearm in violation of 18 U.S.C. § 922(g), the Government must show that a criminal

defendant knew that he fell into one of the categories of people barred from possessing a firearm

under the statute, such as an individual who was previously convicted of a felony, at the time that

he knowingly possessed a firearm.  139 S. Ct. at 2194.  *Rehaif*, however, "did not graft onto §

922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he

was unaware of this provision of the United States Code."  *Guerrero v. Quay*, No. 20-39, 2020

WL 1330667, at *4 (M.D. Pa. Mar. 23, 2020) (quoting *United States v. Bowens*, 938 F.3d 790, 797

(6th Cir. 2019)).  A petitioner will not be entitled to relief under *Rehaif* unless he can show that he

was actually prejudiced by the alleged error – which in the case of a guilty plea requires a showing

that "there is a reasonable probability that he would have gone to trial rather than plead guilty" had

he known of the *Rehaif* knowledge element.  *Greer v. United States*, --- U.S. ---, ---, 141 S. Ct.

2090, 2098 (2021).  Demonstrating such prejudice "will be difficult for most convicted felons for

one simple reason: Convicted felons typically know that they're convicted felons."  *Id.* (quoting

*United States v. Lavalais*, 960 F.3d 180, 184 (2020)).

Assuming *arguendo* that Petitioner may pursue his *Rehaif* claim in this § 2241 habeas

matter,[2] he cannot show that he was prejudiced by the alleged *Rehaif* error.  In his plea agreement,

---

[2] Generally, a federal prisoner seeking to challenge his conviction or sentence must do so through "a motion filed under 28 U.S.C. § 2255 in the sentencing court."  *Rodriguez v. Warden Lewisburg USP*, 645 F. App'x 110, 112 (3d Cir. 2016) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)).  A prisoner may instead challenge his conviction through a § 2241 petition filed in his district of confinement, however, when he can show that the remedy available through a § 2255 motion is inadequate or ineffective to test the legality of his detention.  *Id.*; *see also In re Dorsainvil*, 119 F.3d 245, 249-51 (3d Cir. 1997).  The § 2255 remedy will only be inadequate "where the petitioner demonstrates that some limitation of scope or procedure would prevent the petitioner from receiving adequate adjudication of his or her claims under § 2255.  This exception is extremely narrow and applies only in rare circumstances."  *Concepcion v. Zichefoose*, 442 F. App'x 622, 623 (3d Cir. 2011); *Okereke*, 307 F.3d at 120-21; *Dorsainvil*, 119 F.3d at 251-52.  The § 2255 remedy will not be inadequate or ineffective merely because the petitioner cannot meet that statute's gatekeeping requirements, and will instead be inadequate only in the rare circumstances where an intervening change of law renders a given conviction unlawful insomuch as the involved

Petitioner explicitly stipulated that he had previously been convicted of "at least two felony convictions" including possession of controlled dangerous substance offenses, all of which were punishable by more than a year in prison, in New Jersey in 2008 and 2014.  (*See* Docket No. 16-397 at ECF No. 37 at 7.)   Although Petitioner asserts that he now does not believe that his prior crimes were felonies as he did not himself receive a punishment of over a year in jail, that claim is both belied by the documents he himself submits – all of which identify his crimes as "felony conviction[s]," and New Jersey law, which provides that third degree crimes, such as those Petitioner committed are punishable with a term of imprisonment up to five years.  *See* N.J. Stat. Ann. § 2C:43-6(a)(3).  That Petitioner's drug crimes were felonies is therefore beyond doubt.  *See* 18 U.S.C. § 922(g)(1) (prohibiting possession of a firearm by anyone who "has been convicted . . . of a crime *punishable* by imprisonment for a term exceeding one year," emphasis added).

The question, then, is whether Petitioner has presented any evidence to show that, had he known that the Government was required to prove he knew he was a felon, there is a reasonable probability that he would have gone to trial rather than plead guilty.  *Greer*, 141 S. Ct. at 2098.  A petitioner cannot make out such a claim unless he presents, at the very least, proposed evidence he may have presented which would suggest that he did not know he was a felon when he possessed the firearm, as in the absence of such evidence even a jury "will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon." *Id.* at 2097-98.  In his habeas petition,

---

conduct has been rendered non-criminal *and* the petitioner was deprived of a previous opportunity to raise a challenge on that basis. *Dorsainvil*, 119 F.3d at 251-52. The Government in this matter appears to assume that Petitioner's claim, if it had merit, would fit within this *Dorsainvil* exception insomuch as he had no earlier opportunity to raise his claim in his prior § 2255 matter insomuch as his one year limitations period had run before *Rehaif* was decided. Because the Government does not clearly argue that Petitioner's claim is barred, and because Petitioner's claim is without merit as discussed in this opinion, this Court will likewise assume, without deciding, that Petitioner's innocence claim based on *Rehaif* would fit within the *Dorsainvil* exception if it were actually meritorious.

Petitioner presents no such evidence – his filings instead show that he pled guilty to several felonies,  and that, at least at the time he pled guilty, he fully believed those crimes to be felonies. Indeed, in his reply – the only place where he attempts to present evidence to counter the inevitable conclusion that he knew himself to be a felon, Petitioner does not argue that he did not know of his felon status, but instead attempts to argue, after the fact, that his state court crimes of conviction should not qualify as crimes "punishable" by more than a year because he did not receive a multi-year sentence.  Petitioner has thus presented no evidence other than conclusory allegations that, at the time he possessed the gun, he did not know that he was a felon.

Indeed, Petitioner's habeas petition undercuts his argument even further.  In his arguing that the gun he possessed did not enter interstate commerce, Petitioner directly asserts that "he thought it was legal for him to possess a firearm due to the fact that [he believed] the gun [he] possessed . . . was made in New Jersey."[3]  (ECF No. 1 at 12-13.)  This assertion inherently indicates that Petitioner knew he was prohibited from carrying a firearm that had entered interstate commerce, but believed he was safe because he had discovered a "loophole" in the statute.  In light of the "substantial evidence" that Petitioner knew that he was a felon in light of his convictions, *Greer*, 141 S. Ct. at 2096-97, and Petitioner's own submissions' indication that he was aware of the prohibition but believed that he had found a loophole, Petitioner has failed to present evidence sufficient to indicate that he was prejudiced by the alleged *Rehaif* error in his case.  Petitioner's *Rehaif* claim must therefore be denied.

To the extent Petitioner is attempting to reassert his claim, previously dismissed in his § 2255 matter, that he believes the gun he possessed did not enter interstate commerce prior to his

---

[3] There is no requirement in a § 922(g) case that a Petitioner know that the gun in question was in interstate commerce, so Petitioner's mistaken belief that the gun in question was made and sold solely in New Jersey and his belief that he had therefore evaded federal restrictions is therefore irrelevant.  *See Rehaif*, 139 S. Ct. at 2196.

possession of the weapon based on a misreading of the ATF form he has submitted, this Court has no jurisdiction to address that claim as it does not fall within the *Dorsainvil* exception as it could have been raised any time prior to or after his guilty plea and is a claim that must therefore be raised in a § 2255 proceeding. *See Okereke*, 307 F.3d at 120. That Petitioner cannot make use of § 2255 as such a claim may be time barred or subject to the bar on second or successive § 2255 motions is of no moment. *Id.* As this Court does not have jurisdiction over Petitioner's claim in this § 2241 matter, and in turn lacks jurisdiction as it is a successive § 2255 claim brought without leave for the reasons previously expressed by Judge Hillman in dismissing Petitioner's reconsideration motion, *see Nelson v. United States*, No. 17-5083, 2020 U.S. Dist. LEXIS 191090, at *6-8 (D.N.J. Oct. 15, 2020), that claim is dismissed without prejudice.[4]

Finally, the Court notes that Petitioner filed in this matter a motion to compel. (ECF No. 6.) It is not clear what it is Petitioner wishes to compel via his motion, which was filed after he filed both his petition and reply, and well after he had already received the Government's motion. Given the briefing status at the time it was filed, this Court infers Petitioner to be requesting a decision on his habeas petition. As this Court has now decided the claims presented in that petition, Petitioner's motion is denied as moot.

---

[4] Petitioner's claim is, in any event, without merit – nothing he has submitted suggests that the gun in question was made in New Jersey, only that it was *sold* in New Jersey *after* it was shipped to the dealer in 1986. Petitioner has failed in any way to show that the gun was not placed in interstate commerce nor that this Court lacked jurisdiction as a result.

**IV.    <u>CONCLUSION</u>**

For the reasons expressed above, Petitioner's *Rehaif* claim is **DENIED**, Petitioner's jurisdictional claim is **DISMISSED**, and Petitioner's motion (ECF No. 6) is **DENIED** as moot. An order consistent with this Opinion will be entered.

*Karen M. Williams*
_____
Hon. Karen M. Williams,
United States District Judge